**04 10132 RWZ**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MAGISTRATE JUDGE Collings

ELIZABETH RUIZ, as mother and natural guardian )
of ERIN ARTIS, and ELIZABETH RUIZ, individually )
)
) C.A. No. _____
v. )
)
VIRGINIA FITZGERALD, M.D., NEIL BENECK, M.D., )
RICHARD LaSPINA, M.D., KATHRYN QUINN, M.D., )
CHARLES MILLS, M.D., JOHN DOE, M.D., )
JANE ROE, M.D., and JANE MOE, R.N. )
_____ )

## NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

The United States of America, acting on behalf of defendants Neil Beneck, M.D., Virginia Fitgerald, M.D., Charles Mills, M.D., and Kathryn Quinn, M.D.(collectively, the "United States"), by the undersigned attorney, respectfully submits notice that this case is being removed to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C. §§ 1441, 1442, 1446, 2679(b)(1), and 2679(d)(2). As grounds therefor, the United States states as follows:

1. On or about August 18, 2003, plaintiffs Elizabeth Ruiz, as mother and natural guardian of Erin Artis, and Elizabeth Ruiz, individually (collectively, the "Plaintiffs"), filed a Complaint in the Superior Court, Suffolk County, Commonwealth of Massachusetts, against Neil Beneck, M.D., Virginia Fitgerald, M.D., Charles Mills, M.D., and Kathryn Quinn, M.D. Said action was assigned Superior Court Civil Action No. 03-4124E.

2. The Complaint was served on doctors Beneck, Fitzgerald, and Mills, who are employees of the South Boston Community Health Center (the "Health Center"). Doctor Quinn is also an employee of the Health Center, but she was never served with the Complaint.

...
...
...

3. The Complaint asserts medical malpractice and loss of consortium claims, and seeks damages in tort for personal injuries suffered by Erin Artis, as a result of alleged medical treatment provided by doctors Beneck, Fitzgerald, Mills, and Quinn (as part of their duties at the Health Center).

4. The alleged acts complained of by Plaintiffs arose while doctors Beneck, Fitzgerald, Mills, and Quinn were engaged in the course and scope of their employment for the Health Center. Thus, at the time of the medical treatment alleged in the Complaint to have been negligent, doctors Beneck, Fitzgerald, Mills, and Quinn were federal employees acting in the course and scope of their employment pursuant to the Federally Supported Health Care Centers Assistance Act of 1992 (Pub. L. 102-501), codified at 42 U.S.C. § 233(g)-(n).

5. As doctors Beneck, Fitzgerald, Mills, and Quinn were federal employees at the time of the alleged negligence, this claim falls within the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), and 2671-80, et seq., which provides the exclusive remedy for Plaintiffs in this case.

6. The Complaint states a civil claim that is within the original jurisdiction of this Court under the FTCA, 28 U.S.C. §§ 1346(b), 2679, et seq.

7. The FTCA is the exclusive remedy against the United States, and any other civil action or proceeding for money damages against the individually named defendants is precluded. See 28 U.S.C. § 2679(b)(1).

8. The above-described action is one that may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1442.

9. Certified or attested copies of all proceedings in the Commonwealth of

Massachusetts, and a certified or attested copy of all docket entries therein, including a copy of this Notice, will be served and filed with this Court in accordance with L.R. 81.1.

>Respectfully submitted,
>
>VIRGINIA FITZGERALD, M.D.,
>NEIL BENECK, M.D.,
>KATHRYN QUINN, M.D., and
>CHARLES MILLS, M.D.
>
>By their attorney,
>
>MICHAEL J. SULLIVAN
>United States Attorney
>
>By: *(signed)* Gina Y. Walcott-Torres
>Assistant United States Attorney
>John Joseph Moakley U.S. Courthouse
>1 Courthouse Way, Suite 9200
>Boston, MA 02210
>(617) 748-3100

Dated: January 21, 2004

## CERTIFICATE OF SERVICE

This is to certify that I have this 21st day of January 2004, served upon the persons listed below a copy of the foregoing document by certified mail, return receipt requested:

Alan R. Rindler, Esq. and Brooks A. Ames, Esq., Rindler Morgan, P.C., 133 Portland Street, Suite 500, Boston, MA 02114

Barry D. Lang, Esq. and Zachary B. Lang, Esq., Barry D. Lang, M.D. & Associates, 1 State Street, Suite 1050, Boston, MA 02109

*(signed)* Gina Y. Walcott-Torres
Assistant United States Attorney

3

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                          SUPERIOR COURT
                                                      C.A. NO. 03-4124E

ELIZABETH RUIZ,                              )
as mother and natural guardian of ERIN ARTIS,)
and ELIZABETH RUIZ, Individually,            )
        Plaintiffs,                          )
                                             )
v.                                           )
                                             )
VIRGINIA FITZGERALD, M.D.,                   )
NEIL BENECK, M.D., RICHARD LaSPINA, M.D.     )
KATHRYN QUINN, M.D., CHARLES MILLS, M.D.     )
JOHN DOE, M.D., JANE ROE, M.D., AND          )
JANE MOE, R.N.                               )
        Defendants.                          )

## COMPLAINT

1. The plaintiff Elizabeth Ruiz, at all times relevant, is an adult residing in Suffolk County, Massachusetts.

2. Elizabeth Ruiz brings this action individually on her own behalf, and as mother and natural guardian on behalf of Erin Artis.

3. The defendant Virginia Fitzgerald, M.D., at all times relevant is a physician duly licensed to practice medicine in the Commonwealth of Massachusetts, with a place of practice in Suffolk County, Massachusetts.

4. The defendant Neil Beneck, M.D., at all times relevant is a physician duly licensed to practice medicine in the Commonwealth of Massachusetts, with a place of practice in Suffolk County, Massachusetts.

5. The defendant Richard LaSpina, M.D., at all times relevant is a physician duly licensed to practice medicine in the Commonwealth of Massachusetts, with a place of practice in Suffolk County, Massachusetts.

6. The defendant Kathryn Quinn, M.D., at all times relevant is a physician duly licensed to practice medicine in the Commonwealth of Massachusetts, with a place of practice in Suffolk County, Massachusetts.

7. The defendant Charles Mills, M.D., at all times relevant is a physician duly licensed to practice medicine in the Commonwealth of Massachusetts, with a place of practice in Suffolk County, Massachusetts.

8. The defendant John Doe, M.D., at all times relevant is a physician duly licensed to practice medicine in the Commonwealth of Massachusetts, with a place of practice in Suffolk County, Massachusetts.

9. The defendant Jane Roe, M.D., at all times relevant is a physician duly licensed to practice medicine in the Commonwealth of Massachusetts, with a place of practice in Suffolk County, Massachusetts.

10. The defendant Jane Moe, R.N., at all times relevant is a nurse duly licensed to practice in the Commonwealth of Massachusetts, with a place of practice in Suffolk County, Massachusetts.

## COUNT I
### Negligence v. Virginia Fitzgerald, M.D.

11. The plaintiff hereby incorporates Paragraphs 1 through 10 by reference as if fully included in this count.

12. The defendant, Virginia Fitzgerald, M.D. negligently failed to follow the standard of care and skill of the average qualified member of the profession practicing the specialty practiced by the defendant in her care and treatment of Erin Artis.

13. As a direct and proximate result of the defendant's negligence, Erin Artis sustained injuries, including but not limited to expense for surgical and medical care, pain and suffering.

WHEREFORE, the plaintiffs pray judgment against the defendant Virginia Fitzgerald in a fair and reasonable amount, plus interests and costs.

## COUNT II
### Negligence v. Neil Beneck, M.D.

14. The plaintiff hereby incorporates Paragraphs 1 through 13 by reference as if fully included in this count.

15. The defendant, Neil Beneck, M.D. negligently failed to follow the standard of care and skill of the average qualified member of the profession practicing the specialty practiced by the defendant in her care and treatment of Erin Artis.

16. As a direct and proximate result of the defendant's negligence, Erin Artis sustained injuries, including but not limited to expense for surgical and medical care, pain and suffering.

WHEREFORE, the plaintiffs pray judgment against the defendant Neil Beneck in a fair and reasonable amount, plus interests and costs.

### COUNT III
### Negligence v. Richard LaSpina, M.D.

17. The plaintiff hereby incorporates Paragraphs 1 through 16 by reference as if fully included in this count.

18. The defendant, Richard LaSpina, M.D. negligently failed to follow the standard of care and skill of the average qualified member of the profession practicing the specialty practiced by the defendant in her care and treatment of Erin Artis.

19. As a direct and proximate result of the defendant's negligence, Erin Artis sustained injuries, including but not limited to expense for surgical and medical care, pain and suffering.

WHEREFORE, the plaintiffs pray judgment against the defendant Richard LaSpina in a fair and reasonable amount, plus interests and costs.

### COUNT IV
### Negligence v. Kathryn Quinn, M.D.

20. The plaintiff hereby incorporates Paragraphs 1 through 19 by reference as if fully included in this count.

21. The defendant, Kathryn Quinn, M.D. negligently failed to follow the standard of care and skill of the average qualified member of the profession practicing the specialty practiced by the defendant in her care and treatment of Erin Artis.

22. As a direct and proximate result of the defendant's negligence, Erin Artis sustained injuries, including but not limited to expense for surgical and medical care, pain and suffering.

WHEREFORE, the plaintiffs pray judgment against the defendant Kathryn Quinn in a fair and reasonable amount, plus interests and costs.

## COUNT V
### Negligence v. Charles Mills, M.D.

23. The plaintiff hereby incorporates Paragraphs 1 through 22 by reference as if fully included in this count.

24. The defendant, Charles Mills, M.D. negligently failed to follow the standard of care and skill of the average qualified member of the profession practicing the specialty practiced by the defendant in her care and treatment of Erin Artis.

25. As a direct and proximate result of the defendant's negligence, Erin Artis sustained injuries, including but not limited to expense for surgical and medical care, pain and suffering.

WHEREFORE, the plaintiffs pray judgment against the defendant Charles Mills in a fair and reasonable amount, plus interests and costs.

## COUNT VI
### Negligence v. John Doe, M.D.

26. The plaintiff hereby incorporates Paragraphs 1 through 25 by reference as if fully included in this count.

27. The defendant, John Doe, M.D. negligently failed to follow the standard of care and skill of the average qualified member of the profession practicing the specialty practiced by the defendant in her care and treatment of Erin Artis.

28. As a direct and proximate result of the defendant's negligence, Erin Artis sustained injuries, including but not limited to expense for surgical and medical care, pain and suffering.

WHEREFORE, the plaintiffs pray judgment against the defendant John Doe in a fair and reasonable amount, plus interests and costs.

## COUNT VII
### Negligence v. Jane Roe, M.D.

29. The plaintiff hereby incorporates Paragraphs 1 through 28 by reference as if fully included in this count.

30. The defendant, Jane Roe, M.D. negligently failed to follow the standard of care and skill of the average qualified member of the profession practicing the specialty practiced by the defendant in her care and treatment of Erin Artis.

31. As a direct and proximate result of the defendant's negligence, Erin Artis sustained injuries, including but not limited to expense for surgical and medical care, pain and suffering.

WHEREFORE, the plaintiffs pray judgment against the defendant Jane Roe in a fair and reasonable amount, plus interests and costs.

## COUNT VIII
### Negligence v. Jane Moe, R.N.

32. The plaintiff hereby incorporates Paragraphs 1 through 31 by reference as if fully included in this count.

33. The defendant, Jane Moe, R.N. negligently failed to follow the standard of care and skill of the average qualified member of the profession practicing the specialty practiced by the defendant in her care and treatment of Erin Artis.

34. As a direct and proximate result of the defendant's negligence, Erin Artis sustained injuries, including but not limited to expense for surgical and medical care, pain and suffering.

WHEREFORE, the plaintiffs pray judgment against the defendant Jane Moe in a fair and reasonable amount, plus interests and costs.

## COUNT IX
### (Elizabeth Ruiz: Loss of Consortium, Society and Companionship)

35. The plaintiff hereby incorporates Paragraphs 1 through 34 by reference as if fully included in this count.

36. As a direct and proximate result of the negligence of the defendants, Plaintiff Elizabeth Ruiz was deprived, and will in the future be deprived of the consortium, society and companionship of her daughter, Erin Artis.

WHEREFORE, Plaintiff Elizabeth Ruiz demands judgment against the each Defendant in such an amount as a jury may deem proper, plus interest and costs.

12/02/2003 12:17 FAX 6174924166   FOSTER & ELDRIDGE   ☑009

## JURY DEMAND

The Plaintiffs hereby demand a jury trial on all counts.

The Plaintiffs,
By their attorneys,

_____
Barry D. Lang, Esq.
BBO # 565438
Barry D. Lang, M.D. & Associates
1 State Street, Suite 1050
Boston, MA 02109
(617) 720-0176

_____
Zachary B. Lang, Esq.
BBO # 652055
Barry D. Lang, M.D. & Associates
1 State Street, Suite 1050
Boston, MA 02109
(617) 720-0176

Dated: 8/18/03